Thomas L. NORRIS, Plaintiff,

v.

FORD MOTOR CREDIT COMPANY,
Defendant and Third–Party
Plaintiff,

v.

Thomas J. Lyons, Jr., Consumer Justice
Center, P.A., Thomas J. Lyons, Sr.,
and Thomas J. Lyons & Associates,
Third–Party Defendants.

No. Civ. 01–SC–754 (PAM/JGL)

United States District Court,
D. Minnesota.

Feb. 19, 2002.

Thomas J. Lyons, Jr., Little Canada, MN, Thomas J. Lyons, Lyons & Assoc., Little Canada, MN, for Thomas D. Norris.

Vernle C. Durocher, Jr., Thomas L. Nuss, dorsey & Whitney, Minneapolis, MN, for Ford Motor Credit Co.

Matthew J. Hanzel, Geraghty O'Loughlin & Kenney, St. Paul, MN, for Thomas J. Lyons, Consumer Justice Center, P.A.

Kenneth Wilson Dodge, Jennifer Elizabeth Ampulski, Meagher & Geer, Minneapolis, MN, for Thomas J. Lyons, Sr., Thomas J. Lyons & Assoc., P.A.

## MEMORANDUM AND ORDER

MAGNUSON, District Judge.

This matter is before the Court on various Motions for Summary Judgment and on Plaintiff's Motion to Strike. For the reasons that follow, the Motion to Strike is denied, Defendant's Motion for Summary Judgment is granted, and Third–Party Defendants' Motion for Summary Judgment is denied.

## BACKGROUND

The underlying action is a Fair Credit Reporting Act ("FCRA") case arising out the alleged breach of a settlement agreement between Plaintiff Thomas Norris and Defendant Ford Motor Credit ("FMC"). In 1996, Norris and FMC settled a case involving FMC's repossession of a Ford Tempo owned by Norris. When Wells Fargo turned Norris down for a mortgage in December 2000, he brought this lawsuit claiming that FMC violated the FCRA and breached the settlement agreement by failing to ask credit-reporting agencies to take the repossession off Norris' credit report and by failing to respond appropriately to an agency's inquiry as to the status of Norris' credit in January 2001.

FMC brought a third-party complaint against Norris' lawyers, Thomas Lyons, Jr. and Thomas Lyons, Sr. ("the Lyonses") and their respective law firms, alleging that they breached the confidentiality provision in the settlement agreement by filing a copy of that agreement in this case without requesting that the file be sealed. FMC filed a counterclaim against Norris with the same allegations. In its summary judgment Motion, FMC seeks $9300 in liquidated damages for the alleged breach. FMC also seeks summary judgment on all claims in Norris' Complaint.

## DISCUSSION

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir.1996). However, as the United States Supreme Court has stated, "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enterprise Bank*, 92 F.3d at 747. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific

facts in the record showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Krenik v. Le Sueur*, 47 F.3d 953, 957 (8th Cir.1995).

## A. Norris' Claims

FMC contends that it is entitled to summary judgment on Norris' claims in the underlying lawsuit. Essentially, Norris claims that FMC did not do what it promised to do in the settlement agreement, namely to ensure that mention of a repossession was removed from Norris' credit reports. Norris also claims that FMC again violated the FCRA by failing to conduct a reasonable investigation when it received notice from one of the credit-reporting agencies of Norris' dispute over the repossession notation.

### 1. *Motion to Strike*

■ FMC contends that it met its obligations under the settlement agreement, and in support cites the affidavit of Michelle Starr. The portion of the affidavit cited by FMC is the precise portion of the affidavit that Norris seeks to strike. Norris argues that the affidavit should be stricken because of inconsistencies between the affidavit's statements and statements made by Ms. Starr in her deposition. Norris also seeks sanctions for FMC's alleged "bad faith" submission of a "sham" affidavit.

According to Norris, Ms. Starr lied when in her affidavit she stated that she "prepared and submitted" the credit-report change form to the credit reporting agencies, and that, after the agencies received the form, they "should have updated Norris' credit report to eliminate any reference to a repossession. . . ." (Starr Aff. ¶ 2.) In her deposition, Ms. Starr conceded that she did not actually carry the change form to the mailbox, but dropped it in FMC's internal mail bin for delivery to the mailroom and, presumably, mailing.

(Starr Dep. at 39.) Further, she testified that she was not aware of one agency's policy not to override previous credit reports received from FMC. (*Id.* at 48–49.)

Norris attempts to create a dispute where none in fact exists. Ms. Starr's deposition testimony does not contradict her affidavit, it merely expounds on it. She in fact did "prepare and submit" the change form, and her affidavit merely reflects her understanding of what the credit reporting agencies would do with that form. Moreover, as FMC notes, mailing may be proved by reference to a company's business practices, which is exactly what Ms. Starr's testimony describes. There is no basis for striking the affidavit. Further, Norris' use of inflammatory language to describe FMC's submission of the affidavit will not be tolerated, and FMC will receive the attorneys' fees it expended in responding to this frivolous Motion.

### 2. *Breach of Contract*

■ At argument on this matter, Norris did not address FMC's arguments in relation to his breach of contract claims. The undisputed evidence shows that summary judgment is warranted on those claims. In the settlement agreement, FMC agreed to "request any credit agency . . . remove any reference of repossession from their respective credit reporting systems." (Lyons Aff.Ex A. at ¶ 2.) Although not all credit reporting agencies removed the repossession from Norris' credit report, it is clear that FMC made the requests it was obligated to make. FMC did not promise to ensure that the agencies actually removed the repossession from their systems. Norris' breach of contract claims must be dismissed.

■ Even if disputes of fact existed as to Norris' breach of contract claims, however, Norris cannot show that he was damaged by the alleged failure of one of the

credit-reporting agencies, Trans–Union, to remove the repossession from Norris' credit report. Wells Fargo denied Norris a mortgage based on a credit report from a different agency, CSC, which did not contain a reference to the repossession. There is no dispute that Norris does not have a good credit history. Thus, even assuming that FMC failed to do something it was obligated to do with regard to the Trans–Union report, Norris cannot show any damages from FMC's alleged breach.

### 3. *FCRA Violation*

Finally, Norris contends that FMC violated the FCRA by failing to correctly respond to Trans Union's verification request in January 2001. FMC asserts that the deposition testimony of Anna Green establishes that FMC complied with the FCRA by asking Trans Union to change Norris' credit report. Norris has failed to rebut this assertion with competent evidence to the contrary, and summary judgment is appropriate.

Moreover, as with his breach of contract claims, Norris has failed to show any damages as a result of the alleged violation of the FCRA. Indeed, the only damages Norris alleges are emotional distress damages, although Norris claims that he is also entitled to statutory and punitive damages for the alleged willful violation of the FCRA. There is no evidence of willfulness, however, and no competent evidence of emotional distress, aside from Norris' affidavit. His allegations of emotional distress in that affidavit strain credulity. Even aside from the FMC repossession, Norris simply did not have good credit: his credit report shows another repossession (unrelated to the FMC repossession), numerous accounts in collection, and other negative entries. Norris cannot show that FMC's alleged violation caused him any emotional distress.

### B. Breach of Confidentiality Provision

█ The Lyonses assert that because FMC has no proof that any unauthorized person looked at the court file, FMC cannot show that it has been damaged by the Lyonses' failure to seal the file and thus it is not entitled to recover damages for the Lyonses' failure to seal the file. Moreover, the Lyonses argue that FMC also breached the settlement agreement, which forced Norris to file the lawsuit in the first instance. They contend that FMC's breach of the agreement prevents FMC from enforcing that agreement. Norris makes essentially the same arguments in opposing FMC's Motion. However, because the decision to file the agreement in an unsealed court file was made by the Lyonses and not by Norris, the Court will hold only the Lyonses responsible for the filing.

In the settlement agreement, Norris and the Lyonses agreed to keep the contents of the agreement confidential and to take "all prudent steps" to ensure that the agreement remains confidential. The Lyonses' contentions to the contrary notwithstanding, the filing of the agreement in the clerk's file, which is undisputedly open to the public, is a breach of the confidentiality provision. It is of no moment whether FMC can show that someone actually saw the agreement, and such proof would be almost impossible to secure in any event The confidentiality provision prohibits exactly what happened here, and the Lyonses must be held accountable for their failure to abide by the terms of the agreement.

The Lyonses also argue that, because FMC allegedly breached the agreement first, FMC cannot recover for the Lyonses' breach. As discussed above, however, the Court finds that FMC fully performed its obligations under the settlement agreement. Even assuming that FMC breached

the agreement, that breach did not cancel the Lyonses' obligation to keep the agreement confidential. That obligation was undisputedly breached, and FMC may recover $9300 in liquidated damages against the Lyonses.

## CONCLUSION

The vexatious nature of this lawsuit warrants comment from the Court. Although Mr. Norris' grievances against FMC are not frivolous, the record is clear that, by the time the lawsuit was filed, FMC had responded appropriately to Mr. Norris' complaints. This case should not have been filed. The Lyonses are reminded that their duty to their clients may not overshadow their duty as officers of this Court.

Accordingly, for the foregoing reasons, and upon all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Summary Judgment (Clerk Doc. No. 26) is **GRANTED** and the Complaint is **DISMISSED WITH PREJUDICE;**

2. Third–Party Defendants' Motion for Summary Judgment (Clerk Doc. No. 39) is **DENIED;**

3. Defendant is entitled to recover $9300 in liquidated damages from Third–Party Defendants for breach of the confidentiality provision in the settlement agreement; and

4. Defendant may recover the attorneys' fees it expended in responding to Plaintiff's Motion to Strike.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**